# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

LOUIS HERRERA,                                         COMPLAINT AND DEMAND
                                                       FOR JURY TRIAL
v.

CITY OF HIALEAH,

    Defendants.
_____/

## COMPLAINT OF SEX DISCRIMINATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

Plaintiff LOUIS HERRERA ("Plaintiff") by and through his undersigned counsel, files this Complaint and Jury Demand against Defendant CITY OF HIALEAH ("Defendant").

### PARTIES

1. This action arises from Defendant, CITY OF HIALEAH's, decision to unlawfully deny Plaintiff, LOUIS HERRERA, job/employment advancement opportunities because of his sex, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e *et seq.* ("Title VII").

2. The Court has jurisdiction because this Action is filed pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e *et seq.* ("Title VII").

3. The CITY OF HIALEAH, is in Miami-Dade County, Florida and was organized and exists under the laws of the State of Florida.

4. Plaintiff, LOUIS HERRERA, is an individual over eighteen years of age and a resident of Miami-Dade County, Florida and is otherwise *sui juris*.

5. Defendant, CITY OF HIALEAH, governs, manages, and directs all operations of the Hialeah Police Department, which maintains principal officers and regularly conducts business in Hialeah, Florida. At all relevant times, CITY OF HIALEAH's Hialeah Police Department has employed at least 500 employees, has conducted business within this District, and has been an employer engaged in local law enforcement.

6. At all times relevant to this Action, Defendant, CITY OF HIALEAH, has been the "employer" of the Plaintiff in the manner that term is used in the Act and statute(s) listed in this Action.

7. Plaintiff, LOUIS HERRERA, during all times relevant to this Action was an "employee" in the manner that term is used in the Act and statute(s) listed in this Action.

## JURISDICTION AND VENUE

8. This Court has federal question jurisdiction under 28 U.S.C. §1331 and 28 U.S.C. §1343.

9. Venue is proper in this District because the unlawful acts of employment discrimination described herein occurred within Florida, and CITY OF HIALEAH is found and maintains its primary Florida establishment within this District. 42 U.S.C. §2000e- 5(f)(3).

## FACTS

10. Defendant, CITY OF HIALEAH, is the sixth largest municipality in Florida, serving over 224,000 residents living in the approximately 20-square miles of Hialeah, Florida. CITY OF HIALEAH oversees all local government functions in Hialeah, Florida, to include the Hialeah Police Department.

11. Defendant, CITY OF HIALEAH, governs, manages, and directs all operations of the Hialeah Police Department, which maintains principal officers and regularly conducts business

in Hialeah, Florida. At all relevant times, CITY OF HIALEAH's Hialeah Police Department has employed at least 500 employees, has conducted business within this District, and has been an employer engaged in local law enforcement.

12. The Hialeah Police Department employees over 500 individuals to include over 355 sworn members. Its primary business is law enforcement.

13. In February 2013, Hialeah Police Department sought applicants for a Police Sergeant position within the department. Police Sergeants are generally responsible for supervising patrol officers and agents as assigned and maintaining the chain of command within the operations of the department. Police Sergeants are also responsible for developing training programs for department personnel, directing special units, preparing special reports or projects as assigned, receiving and reviewing reports from officers, and assigning personnel in accordance to specific needs.

14. Plaintiff, LOUIS HERRERA, applied for the Police Sergeant position in early 2016 and again in 2017. Plaintiff was well qualified for the position due to his evaluations, job performance and his scores on the promotion exam. Plaintiff was excited about the possibility of promotion to Police Sergeant because of the increased salary he would receive if promoted, the potential for growth and advancement within the police department, and the opportunity to use his leadership and technical knowledge to better serve the Hialeah Police Departments and the City of Hialeah.

15. The Hialeah Police Department requires that sworn police officers applying to the position of Police Sergeant take and pass a promotion exam. The promotion exam is administered by the Hialeah Police Department to sworn police officers applying to the position of Police Sergeant.

16. The Hialeah Police Department ranks all applicants for promotion based on the applicant's performance on the aforementioned promotion exam. Promotion to Police Sergeant is then prioritized based on the applicant's performance on the promotion exam.

17. The City of Hialeah has engaged in the unlawful and wrongful practice of promoting applicant solely on the basis of their gender.

18. To wit, on at least two occasions since 2016, female sworn police officers employed by the Hialeah Police Department and applying for promotion to Police Sergeant, who were lower on the lineal promotion list for Police Sergeant were promoted over more qualified male applicants based solely on their gender.

19. Furthermore, these two (2) female sworn police officers were promoted, and the Hialeah Police Department in fact facilitated their promotion to Police Sergeant, despite their achieving lower scores on their promotion exam than several other male applicants that had achieved a high scores on the promotion exam.

## SEX DISCRIMINATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, 42 U.S.C. § 2000e *et seq.*

20. Defendant re-alleges and reincorporates the answers and denials contained in paragraphs 1 through 19 above, as if re-pled in their entirety.

21. Defendant CITY OF HIALEAH engaged in unlawful employment practices at its Hialeah Police Department, in violation of Section 703(a)(1) of Title VII, 42 U.S.C. §2000e 2(a)(1), by terminating or constructively denying Plaintiff, LOUIS HERRERA, job/employment advancement opportunities because of sex.

22. Defendant, CITY OF HIALEAH's decision to deny Plaintiff the promotion was solely based on his sex/gender. Defendant denied Plaintiff the promotion because he is a man and because the position to which Plaintiff sought promotion to was instead given to other applicants

solely because they were female, despite his being more qualified and listed higher in the lineal promotion list.

23. The effect of Defendant, CITY OF HIALEAH's, unlawful and disparate employment practices was to deprive Plaintiff, LOUIS HERRERA, of equal employment opportunities and otherwise adversely affect his status as an employee, because of his sex/gender.

24. Defendant's unlawful and disparate employment practices were intentional and done with malice or with reckless indifference to Plaintiff's rights under Title VII.

25. Plaintiff has been forced to retain the undersigned attorneys to prosecute this Action and is obligated to pay them a reasonable fee for their services. Plaintiff is entitled to recover reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 2000e-5(k).

## PRAYER FOR RELIEF

26. WHEREFORE, Plaintiff Louis Herrera prays for the following relief:

   a. A declaratory judgment that the practices complained of herein are unlawful and violate Title VII, 42 U.S.C. §2000e *et seq.*;

   b. A permanent injunction against Defendant, CITY OF HIALEAH, and its officers, agents, successors, employees, representatives, and any and all persons acting in concert with it, prohibiting them from engaging in unlawful sex discrimination against employees or applicants for promotion, including on the basis of gender identity;

   c. Back pay and reinstatement or front pay (including interest and benefits), and other affirmative relief necessary to eradicate the effects of Defendant, CITY OF HIALEAH's unlawful employment practices;

   d. Compensatory and punitive damages;

e.  Reasonable attorneys' fees and all expenses and costs of this action;

f.  Pre-judgment interest; and

g.  Such other and further legal and equitable relief as this Court deems necessary, just, and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury of all issues so triable in this action.

DATED: September 29th, 2017.

        **GARCIA-MENOCAL, & PEREZ, P.L.**
        *Attorneys for Plaintiff*
        4937 SW 74th Court, No. 3
        Miami, FL 33155
        Telephone:   (305) 553-3464
        Facsimile:   (305) 553-3031
        Primary E-Mail: ajperezlaw@gmail.com
        Secondary E-Mails: agmlaw@bellsouth.net &
        mpomares@lawgmp.com

By: ___*/s/ Anthony J. Perez*___
      ANTHONY J. PEREZ
      Florida Bar No.: 535451
      ALFREDO GARCIA-MENOCAL
      Florida Bar No.: 533610